UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MOHAMMED FEZZANI, *et al.*,

                Plaintiffs,             99 Civ. 0793 (PAC)

   -against-                          **OPINION & ORDER**

BEAR, STEARNS & COMPANY INC., *et al.*,

                Defendants.
------------------------------------------------------------------X

Before the Court is the Defendants' motion for reconsideration of the Court's denial of partial summary judgment entered on May 4, 2021. *See Fezzani v. Bear, Stearns & Co. Inc.*, No. 99 CIV. 0793 (PAC), 2021 WL 1758897, at *1 (S.D.N.Y. May 4, 2021). The Defendants raise one ground in support of their motion for reconsideration: that the Plaintiffs lack Article III standing to sue on behalf of the $3.8 million that they previously recovered from the Restitution Fund. Familiarity with the facts and extensive procedural history is presumed. For the reasons set forth below, the motion for reconsideration is **DENIED**.

A defendant faces a high bar on a motion for reconsideration. "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (cleaned up). "A motion for reconsideration is not an opportunity for the moving party to argue those issues already considered when a party does not like the way the original motion was resolved." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002). Accordingly, "decisions should not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a

manifest injustice." *In re Goldman Sachs Group, Inc. Sec. Litig.*, 2014 WL 2815571, at *4 (S.D.N.Y. 2014).

The Defendants contend that the Court erred in denying partial summary judgment because it misconstrued and misapplied the Supreme Court's decision in *Sprint Communications v. APCC Services*, 554 U.S. 269 (2008). (Defs.' Br. at 1–2, ECF 254.) In essence, their position is that the Letter Agreement between the parties did not effectuate a reassignment of proprietary ownership over the $3.8 million claim to the Plaintiffs. (*Id.* at 7–10.) And in support of their position, the Defendants principally rely on two Second Circuit cases: *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008), and *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 414 (2d Cir. 2015), which applied the rule that an assignee must hold legal title or ownership over the assigned claim—and not just the title of power of attorney—in order to demonstrate Article III standing.

The Defendants' position is untenable. As an initial matter, the Defendants' argument is one this Court has already passed judgment upon in its original decision. *See Lichtenberg*, 28 F. App'x at 75 (explaining that a motion for reconsideration is not appropriate simply because "a party does not like the way the original motion was resolved"). In its opinion denying partial summary judgment, the Court expressly found that the Letter Agreement effectuated an irrevocable assignment of the SIPC's ownership interest in the $3.8 claim at issue. *See Fezzani*, 2021 WL 1758897, at *3 (finding that the Letter Agreement "had the legal effect of re-assigning Plaintiffs their right to sue for the $3.8 million in exchange for their promise to remit that amount to the SIPC Trustee"). And based on that finding, the Court then concluded that Article III standing was satisfied under *Sprint Communications*. *See id.* ("Under *Sprint Communications*, then, they have demonstrated Article III standing to sue on behalf of the $3.8 million."). Accordingly, the

Court already resolved the issue of what legal consequence the Letter Agreement had on the parties. The Defendants' mere disagreement with the Court's original conclusion is not compelling enough to sustain their motion for reconsideration. *Lichtenberg*, 28 F. App'x at 75.

But even addressing the Defendants' Article III standing argument *de novo*, the Court (again) finds its reasoning unpersuasive. In *W.R. Huff* and *Cortlandt*—the Second Circuit cases on which the Defendants principally rely—the purported assignment agreements at issue there were construed to only confer a power of attorney, not a transfer in ownership, over the relevant legal cause of action. *See Cortlandt*, 790 F.3d at 419; *W.R. Huff*, 549 F.3d at 109. In *W.R. Huff*, for example, the court noted that the plaintiff was given the authority "to make some decisions concerning litigation" but that it did "not have an ownership stake in any claims its clients might pursue against defendants." *See* 549 F.3d at 109. Similarly, in *Cortlandt*, the assignment agreement expressly qualified that the assignor "remains the owner of the notes and person in whose name the Notes are registered[.]" 790 F.3d at 419.

In contrast to those cases, the Letter Agreement here did not merely create a power of attorney relationship, but a transfer in ownership. As the Court explained in its original opinion:

> [The Letter Agreement] expressly deprives the SIPC Trustee of all control over the assigned right: Plaintiffs' claim against Defendants for the $3.8 million amount. *See* Letter Agreement, at 1 ("[Y]ou agree to be bound by all decisions of the Court in that action to the same extent that the Clients shall be bound."). And it requires the SIPC Trustee to be bound by the Plaintiffs' decisions in the present litigation without any *ex post* recourse against them. *See id.* at 2 ("The Clients are authorized to settle the Fezzani Action and Related Proceedings, either in whole or in part, without regard for whether the settlement is sufficient…to you[.]"). Thus, under New York Law, the Letter Agreement effectuated a valid re-assignment of Plaintiffs' right to sue for the $3.8 million.

*Fezzani*, 2021 WL 17588897, at *3.

Accordingly, the Defendants' reliance on *W.R. Huff* and *Cortlandt* is simply inapposite.

3

## CONCLUSION

For the foregoing reasons, the Defendants' motion for reconsideration is **DENIED** and the Wolfson Defendants' motion for reconsideration with respect to amendment is **DENIED** as moot.

This case has dragged on long past its expiration date. The Court will convene an in-person conference in this matter on Monday, July 26, at 2:00 p.m. in Courtroom 14(c). At the conference, the parties are expected to propose next steps in this litigation and, if need be, to be prepared for trial in the fourth quarter of this year.

Dated: New York, New York  
July 21, 2021

SO ORDERED

_____  
HONORABLE PAUL A. CROTTY  
UNITED STATES DISTRICT JUDGE