USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/15/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MOHAMMED FEZZANI, *et al.*,              :
                                                          :
                        Plaintiffs,              :                    **OPINION & ORDER**
                                                          :
            -v-                                        :                    99-CV-793 (PAC) (JLC)
                                                          :
BEAR, STEARNS & COMPANY, INC., *et al.*,   :
                                                          :
                        Defendants.            :
------------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

        The Dweck and Wolfson Defendants ("Defendants") have each moved to

amend their Answers to the Amended Complaint, in which Plaintiffs allege their

participation in a coordinated securities fraud.  Defendants seek leave to add an

affirmative defense.  The Dweck Defendants additionally seek leave to supplement

and modify their previous responses to the Amended Complaint.  For the reasons

which follow, the motions to amend to add the affirmative defense are denied

because the proposed amendment would be futile.  The Dweck Defendants' request

to supplement and modify their previous responses is granted.[1]

---

[1] "[T]he weight of authority within this Circuit classifies a motion to amend a
pleading as non-dispositive." *Trombetta v. Novocin*, No. 18-CV-993 (RA), 2021 WL
6052198, at *6 (S.D.N.Y. Dec. 21, 2021), *reconsideration denied*, No. 18-CV-993
(RA), 2022 WL 280986 (Jan. 31, 2022) (internal quotations and citations omitted);
*see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (identifying "a
motion to amend the complaint" as an example of a "nondispositive motion[ ]");
*Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578 (AJN) (SDA), 2020 WL
8512852, at *6 n.9 (S.D.N.Y. Nov. 17, 2020), *adopted by*, 2021 WL 1131507
(S.D.N.Y. Mar. 24, 2021) (collecting cases); *MPI Tech A/S v. Int'l Bus. Machines
Corp.*, No. 15-CV-4891 (LGS) (DCF), 2017 WL 481444, at *3 (S.D.N.Y. Feb. 6, 2017)
(collecting cases).  Thus, consistent with Judge Crotty's amended referral order

## I.  BACKGROUND

For purposes of this Opinion and Order, the Court assumes familiarity with the lengthy procedural history of the case.  The Court also assumes familiarity with the underlying facts, including the parties' recitations of the events that have given rise to the pending motions to amend, and accordingly will not summarize them here.

Defendants initiated the current dispute when they moved to amend their Answers to the Amended Complaint on October 26, 2021.  Motion to Amend/Correct Answer, Dkt. No. 287; Dweck Defendants' Memorandum of Law in Support of Motion to Amend ("Dweck Mem."), Dkt. No. 288; Declaration of Robert A. Horowitz dated October 26, 2021 ("Horowitz Decl."), Dkt. No. 289; Motion to Amend/Correct Answer, Dkt. No. 296 (entered on November 17, 2021); Wolfson Defendants' Memorandum of Law in Support of Motion to Amend ("Wolfson Mem."), Dkt. No. 297 (entered on November 17, 2021); Affirmation of Marc B. Schlesinger dated October 26, 2021 ("Schlesinger Aff."), Dkt. No. 298 (entered November 17, 2021).

Plaintiffs filed their opposition to the motions to amend on November 19, 2021.  Declaration of Max Folkenflik in Opposition to Motion to Amend dated November 19, 2021 ("Folkenflik Decl."), Dkt. No. 299; Plaintiffs' Memorandum of Law in Opposition to Motion to Amend ("Pl. Opp."), Dkt. No. 300.  On December 3,

---

(Dkt. No. 310), which itself identified Defendants' motions as "specific non-dispositive motion/dispute," there is ample authority for me to decide these motions, rather than to issue a report and recommendation.  *Kraiem v. JonesTrading Institutional Servs. LLC*, No. 19-CV-05160 (ALC) (SDA), 2021 WL 5294066, at *4 (S.D.N.Y. Nov. 12, 2021).

2021, Defendants each filed a reply in support of their motions. Reply Affirmation of Robert Horowitz dated December 3, 2021 ("Horowitz Rep. Aff."), Dkt. No. 301; Dweck Defendants' Reply Memorandum of Law ("Dweck Rep."), Dkt. No. 302; Wolfson Defendants' Reply Memorandum of Law ("Wolfson Rep."), Dkt. No. 303; Affirmation of Marc B. Schlesinger dated December 3, 2021 ("Schlesinger Rep. Aff."), Dkt. No. 304. Plaintiffs thereafter moved to file a sur-reply, to which Defendants objected, and this motion is pending before the Court as well. Dkt. Nos. 305, 306, 312, 318.

Judge Crotty referred the case to me for general pre-trial supervision on October 12, 2021. Dkt. No. 279. He subsequently referred the motion to amend on January 3, 2022. Dkt. No. 310. Since the motions to amend were filed, the Dweck and Wolfson Defendants have filed motions to dismiss for lack of subject matter jurisdiction. Dkt. Nos. 331, 334. The granting of such motions would obviously moot the motions to amend. While the Court could therefore hold the motions to amend in abeyance, given that they appear closely related to the jurisdictional motions, it will nonetheless address the motions now so that, as appropriate, this decision can be considered further by Judge Crotty.

## II. DISCUSSION

A motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that leave to amend a pleading should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the decision is "within the discretion of the District Court," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and

"motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman*, 371 U.S. at 182); *see also Agerbrink v. Model Service LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016) ("[A] motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile.").

### A. Proposed Affirmative Defense

#### 1. Bad Faith

"[A] party's dilatory motive is a legitimate basis for a court's denying that party's motion to amend a pleading." *American Medical Ass'n v. United Healthcare Corp.*, No. 00-CV-2800 (LMM), 2006 WL 3833440, at *5 (S.D.N.Y. Dec. 29, 2006) (citing *Foman*, 371 U.S. at 182); *see also Carroll v. Trump*, No. 20-CV-7311 (LAK), 2022 WL 748128, at *1 (S.D.N.Y. Mar. 11, 2022). "While the party seeking to amend its pleading must explain any delay, the party opposing the amendment bears the burden of showing prejudice, bad faith, and futility of the amendment." *Contrera v. Langer*, 314 F. Supp. 3d 562, 567 (S.D.N.Y. 2018) (cleaned up).

Plaintiffs contend in a cursory fashion that the motions to amend are "futile, frivolous[,] and were designed to annoy, harass, and delay." Pl. Mem. at 13. They further argue that because the motions were made in bad faith, they warrant

sanctions. *See id.*[2] To support this assertion, Plaintiffs argue that Defendants'
arguments are irrelevant and legally unsubstantiated. *See id.* at 10–13. However,
neither of those deficiencies are "clearly a dilatory tactic." *American Medical Ass'n*,
2006 WL 3833440, at *5. Even assuming *arguendo* that the motions are an attempt
to re-litigate a decision with which Defendants are disappointed, *see* Pl. Mem. at 13,
there is no indication in the record, "other than [Plaintiffs'] bald assertion," that
Defendants moved to amend their Answers in order to "annoy, harass, and delay."
*American Medical Ass'n*, 2006 WL 3833440, at *5. Therefore, denying Defendants'
motions to amend on the ground of bad faith is unwarranted.

### 2. Futility

"It is well established that 'leave to amend need not be granted . . . where the
proposed amendment would be futil[e].'" *Williams v. Citigroup Inc.*, 659 F.3d 208,
214 (2d Cir. 2011) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106
F.3d 11, 18 (2d Cir. 1997)). "To determine whether a proposed amendment is futile,
courts analyze whether it would withstand a motion to dismiss." *Agerbrink*, 155 F.
Supp. 3d at 456 (citing *AEP Energy Servs. Gas Holding Co. v. Bank of America*,

---

[2] Plaintiffs do not cite any legal authority for the proposition that Defendants'
actions warrant sanctions. To the extent they are seeking Rule 11 sanctions, such a
motion "must be made separately from any other motion and must describe the
specific conduct that allegedly violated Rule 11(b)." Fed. R. Civ. P. 11(b); *see also
Gomez v. Terri Vegetarian LLC*, No. 17-CV-213 (JLC), 2021 WL 2349509, at *6–8
(S.D.N.Y. Jun. 9, 2021). Because Plaintiffs have not met the procedural
requirements for a Rule 11 motion, nor do they provide authority under either 28
U.S.C. § 1927 or the inherent authority of the Court, this request is denied.
Moreover, Plaintiffs are now relatedly seeking costs in opposing Defendants'
pending motion to dismiss. Any further application for costs or sanctions should
therefore be made before Judge Crotty.

*N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact.")).  "As when considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor." *Agerbrink*, 155 F. Supp. 3d at 456.

Here, Defendants seek leave to amend their Answers to add an affirmative defense, to which they refer as "release."  Dweck Mem. at 10; Wolfson Mem. at 1.[3] Specifically, the Dweck Defendants seek to add the following to their answer:

> To the extent Plaintiffs are asserting a claim on behalf of the SIPC Trustee, the claim was released by the SIPC Trustee when he released the Dweck Defendants from "any and all claims, losses, liabilities, damages and expenses, of any kind, arising or accruing through [May 30, 2003]," which release was so-ordered by the Bankruptcy Court on June 12, 2003.

Horowitz Decl., Exh. A, Proposed Amended Answer, Dkt. No. 289-1, at 33.  The Wolfson Defendants likewise seek to add the following to their answer:

> Plaintiffs' claims are barred in whole or in part due to the release given to the Wolfsons by the Trustee for the Liquidation of the Business of A.R. Baron & Co., Inc. which was "So Ordered" by the Bankruptcy Court on July 17, 2003 (Adv. Proc. No. 98-8709A-pcb (Bankr. S.D.N.Y.) [Dkt. Nos. 6-7].

---

[3] Defendants argue that the motions are timely, and that the inclusion of the proposed affirmative defense would present no prejudice to Plaintiffs.  Dweck Mem. at 9–10, 13; Wolfson Mem. at 12–13, 16–17.  Plaintiffs do not contest these arguments, although they observe in passing that Defendants' motion papers "reveal . . . [the] defects" of undue delay and bad faith.  Pl. Mem. at 7.  Because the Court denies the motions to amend on futility grounds, it will not address whether the motions are timely or prejudicial to Plaintiffs.

Schlesinger Aff., Exh. 1, Proposed Amended Answer, Dkt. No. 298-1 at 37.

The previous law of this case has rendered the proposed affirmative defense of "release" untenable. "An amendment to add an affirmative defense is futile when the proposed affirmative defense is not a defense to liability, that is, when the proposed affirmative defense lacks a sound basis in law." *In re Currency Conversion Fee Antitrust Litigation*, 264 F.R.D. 100, 118 (S.D.N.Y. 2010) (quoting *Greenes v. Vijax Fuel Corp.*, 326 F. Supp. 2d 464, 466, 468 (S.D.N.Y. 2004)). In denying Defendants' motion for partial summary judgment as well as their subsequent motion for reconsideration of that decision, Judge Crotty explained – twice – that the 2000 Side Letter "expressly deprive[d] the SIPC Trustee of all control over the assigned right: Plaintiffs' claim against Defendants for the $3.8 million amount." *Fezzani v. Bear, Stearns & Co. Inc.*, 2021 WL 3115449, at *2 (S.D.N.Y. Jul. 21, 2021) (quoting *Fezzani v. Bear, Stearns & Co. Inc.*, 2021 WL 1758897, at *3 (S.D.N.Y. May 4, 2021)).

Defendants claim that "because the [previous] motion only addressed standing and set-off, the Court only determined the impact of the release on Plaintiffs' standing; it did not determine whether the Trustee's release in the 2003 Dweck Settlement Order released the claim Plaintiffs are pursuing on Trustee's behalf." Dweck Mem. at 8; *see also* Wolfson Mem. at 9, n.6. This argument is without merit, as Judge Crotty "expressly found that the [Side Letter] effectuated an irrevocable assignment of the [Trustee's] ownership interest in the $3.8 claim at issue." *Fezzani*, 2021 WL 3115449, at *1.

7

Accordingly, no legal basis exists on which Defendants can prevail as to their proposed affirmative defense.  In his prior decision, Judge Crotty explained that the 2000 Side Letter "irrevocably" assigned to Plaintiffs their right to sue Defendants for the assigned claim, and therefore "the 2003 [Settlement] Agreements could not (and did not) unilaterally revoke that reassignment."  *Fezzani*, 2021 WL 1758897, at *3.  As such, "the [c]ourt already resolved the issue of what legal consequence the [Side Letter] had on the parties."  *Fezzani*, 2021 WL 3115449, at *1.  Therefore, as a matter of law, the Trustee could not have released the claim Plaintiffs are asserting in this action through settlement agreements, because pursuant to the Side Letter, the Trustee no longer had any control over the claim.

Because the Side Letter has already been found in this litigation to have constituted an "irrevocable" assignment of claims to Plaintiffs, the proposed affirmative defense fails to state a legally cognizable claim or raise triable issues of fact, and "lacks a sound basis in law." *Currency Conversion Fee Antitrust Litigation*, 264 F.R.D. at 118; *see AEP Energy Servs. Gas Holding Co.*, 626 F.3d at 726.  Its "legal consequences" have already been adjudicated, and thus the proposed affirmative defense would be futile.[4]

---

[4] Defendants have advised the Court that they are seeking to re-open the bankruptcy proceedings.  *See, e.g.* Wolfson Mem. at 11; Dweck Rep. at 4.  If the bankruptcy court were to issue any rulings that bear on the pending motions, Defendants would be free to seek further review as warranted.

### B. Supplemental Language and Modification of Certain Responses

The Dweck Defendants additionally seek leave to "supplement their response to certain paragraphs as requested by Plaintiffs" and to "modify certain responses based on their review of documents." Dweck Mem. at 1; *see also* Horowitz Aff., Proposed Amended Answer, Dkt. No. 289-1, *passim*. "Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Contrera v. Langer*, 314 F. Supp. 3d 562, 566–67 (S.D.N.Y. 2018) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

Here, the Dweck Defendants explain that the proposed amendments to their responses are intended to "comply with Plaintiffs' request" that they "amend their Answer to provide a substantive response" to certain allegations "to the extent the Dwecks had knowledge or a denial based on a lack of information or knowledge sufficient to provide a substantive response to those allegations." Dweck Mem. at 2, n.1. In response, Plaintiffs do not contend that the Dweck Defendants acted in bad faith by waiting until 2021 to seek leave to supplement and modify their Answer. Nor do they assert that they would be unduly prejudiced if the motion were to be granted. In fact, Plaintiffs do not address the request at all. *See Contrera*, 314 F. Supp. 3d at 567 (party opposing amendment bears the burden of showing prejudice, bad faith, or futility). Because the Dweck Defendants have explained the reason for their amendments and Plaintiffs have requested them, the Dweck Defendants may

amend their responses to include the additional proposed amendments provided to the Court, Dkt. No. 289-1, except for the proposed affirmative defense.

## III. CONCLUSION

For the foregoing reasons, the motions to amend are denied, with the exception that leave to amend is granted as to the Dweck Defendants' changes to supplement and modify their responses as requested by Plaintiffs. Plaintiffs' motion for leave to file a sur-reply is denied as moot. The Clerk is directed to close Docket No. 296 and mark it as "denied." The Clerk is further directed to close Docket No. 287 and mark it as "denied in part and granted in part."

**SO ORDERED.**

Dated: March 15, 2022
     New York, New York

_____
JAMES L. COTT
United States Magistrate Judge