UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMED FEZZANI, ET AL.,

                    Plaintiffs

          v.

BEAR, STEARNS & COMPANY, INC. et al.,

                    Defendants

No. 99-cv-0793 (PAC)(JLC)

<u>**ORAL ARGUMENT REQUESTED**</u>

**JOINT RESUBMISSION OF OBJECTIONS TO MAGISTRATE JUDGE'S
DECISION DENYING DEFENDANTS' MOTIONS TO AMEND**

**GREENBERG TRAURIG**, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Robert A. Horowitz, Esq.
Anne C. Reddy, Esq.

**R|K INVEST LAW, PBC**
1725 I Street NW - Suite 300
Washington, DC 20006
Telephone:   (202) 236-2854
Facsimile:   (866) 788-9942

Richard A. Kirby, Esq., *Pro hac vice*
Beth-ann Roth, Esq., *Pro hac vice*

**MINTZ & GOLD LLP**
600 Third Avenue, 25th Floor
New York, NY 10016
Telephone:   (212) 696-4848
Facsimile:   (212) 696-1231

Ira Lee Sorkin

*Attorneys for Isaac R. Dweck,
Nathan Dweck, Barbara Dweck,
Morris I. Dweck, Ralph I. Dweck,
and Jack Dweck*

*Attorneys for Movants Aaron Wolfson,
Morris Wolfson and the Estate of
Abraham Wolfson*

# TABLE OF CONTENTS

I. Introduction .................................................................................................. 1

   A.  Procedural Background ............................................................................ 2

      1.  In 2021, this Court denied Defendants' motion for partial summary judgment as to the $3.78 million in claims........................................................... 3

      2.  Defendants moved to amend their answers to add the defense of the court-ordered settlement releases as to the $3.78 million in claims.................. 4

      3.  In February 2022, this Court granted leave to the Defendants to file the motion to dismiss for lack of subject-matter jurisdiction as to the $3.78 million .......... 5

      4.  The Magistrate Judge denied Defendants' motion to amend their pleadings ..... 5

      5.  On March 31, 2022, this Court denied the Defendants' motion to dismiss for lack of subject-matter jurisdiction, and subsequently invited the Defendants to resubmit their objections consistent with this Court's order.......................... 6

   B.  Review of the Defendants' objections is *de novo* .................................... 7

II.  Argument ................................................................................................. 9

   A.  The Magistrate Judge's ruling failed to draw all reasonable inferences in Defendants' favor ..................................................................................... 9

   B.  The Magistrate Judge improperly relied on this Court's interim ruling denying summary judgment to permanently exclude Defendants' affirmative defense based on the Trustee's court approved releases......................................... 10

   C.  The amendment is necessary to prove that the Trustee, as the equitable and beneficial owner of the third-party claims up to $3.78 million, had the right to release those claims ..................................................................................... 10

   D.  If the Plaintiffs' $3.78 million claims are not dismissed prior to trial based on enforcement of the bankruptcy court's prior orders, the Defendants will offer evidence at trial to prove that the arrangement in the Side Letter is unenforceable ........................................................................................... 12

III.  Conclusion ............................................................................................... 14

## TABLE OF AUTHORITIES

**<u>Cases</u>**

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*,
    404 F.3d 566 (2d Cir. 2005) ................................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................... 13

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................... 13

*Casey v. Citibank, N.A.*,
    915 F. Supp. 2d 255 (N.D.N.Y. 2013) ................................................9

*Conley v. Gibson*,
    355 U.S. 41 (1957) ........................................................................ 13

*Dolac v. Cty. Of Erie*,
    2020 WL 2840071 (W.D.N.Y. June 1, 2020) ....................................8

*HCC, Inc. v. R H & M Mach. Co.*,
    39 F. Supp. 2d 317 (S.D.N.Y. 1999) .................................................8

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ...........................................................8

*In re Chateaugay Corp.*,
    994 F.2d 997 (2d Cir. 1991) ........................................................... 11

*MAO-MSO Recovery II, LLC v., State Farm Mut. Auto. Ins. Co.*,
    935 F.3d 573 (7th Cir. 2019) ............................................................7

*MSP Recovery, LLC v., Allstate Ins. Co.*,
    276 F. Supp. 3d 1311 (S.D. Fla. 2017) ..............................................7

*Nomura Sec. Int'l. Inc. v. E\*Trade Sec., Inc.*,
    280 F. Supp. 2d 184 (S.D.N.Y. 2003) ............................................8, 9

*Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*,
    No. 20-1312-CV, 2021 WL 4515256 (2d Cir. Oct. 4, 2021) ...............7

*Pusey v. Delta Airlines, Inc.*,
    2011 WL 1215081 (E.D.N.Y. Mar. 30, 2011) ....................................8

ii

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n,*
    285 F. Supp. 3d 648 (S.D.N.Y. 2018) .................................................................. 9

*S.S. Silverblatt, Inc. v. East Harlem Pilot Block,*
    608 F.2d 28 (2d Cir. 1979) .................................................................................. 1

*US Fax L. Ctr., Inc. v. iHire, Inc.,*
    476 F.3d 1112 (10th Cir. 2007) ........................................................................... 7

## **Statutes**

### Bankruptcy Code

11 U.S.C. § 101(5) ........................................................................................................ 11
11 U.S.C. § 363(b) ....................................................................................................... 12
11 U.S.C. § 704 ........................................................................................................... 11

### United States Code

28 U.S.C. § 636(b)(1)(A) ............................................................................................... 7
28 U.S.C. § 636(b)(1)(B) ............................................................................................... 7

## **Rules**

Fed. R. Civ. P. 8(c) ...................................................................................................... 13
Fed. R. Civ. P. 72(b) ...................................................................................................... 7
Fed. R. Civ. P. 72(b)(3) ................................................................................................. 7

Bankruptcy Rule 9019 ................................................................................................... 12

## I.    Introduction

The Defendants jointly renew their objections to the Magistrate Judge's Decision and Order denying Defendants' motions to amend their answers to include an affirmative defense of release ("Ruling") in response to Plaintiffs' claim of standing based on a previously undisclosed agreement between Plaintiffs and the Trustee dating from 2000 (the "Side Letter"). This Court invited the Defendants to resubmit their objections after considering the Court's March 31, 2022, order denying Defendants' motions to dismiss for lack of subject-matter jurisdiction. Given the importance to the defense of the releases and settlements negotiated by the Trustee in the A.R. Baron bankruptcy case, and approved by the bankruptcy court, Defendants welcome this Court's invitation to resubmit objections to the Magistrate Judge's Ruling.

This Court's March 31st order provides further support for reversing the Magistrate Judge's Ruling and granting Defendants' request to amend their answers to include affirmative defenses based on the bankruptcy court-ordered releases both Defendants received from the Trustee during the A.R. Baron bankruptcy proceedings. Specifically, the March 31st order stated there are disputed facts that must be resolved to determine the validity and enforceability of the Side Letter. In contrast, the Magistrate Judge's Ruling assumed the Side Letter was valid and enforceable.

The Defendants seek leave to add a defense that contradicts Plaintiffs' assertion of standing based on the Side Letter and that leave should be freely granted. As explained by the Second Circuit, leave to amend under such circumstances should be given if the proponent offers "at least colorable grounds for relief." *S.S. Silverblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979).

The Defendants offered more than colorable grounds for relief; they made a showing that whatever rights may have been conferred on the Plaintiffs by the Side Letter were terminated by later events in the bankruptcy case. By amending their answers, Defendants will have an opportunity to prove those arguments.

Defendants advised this Court of the existence of the releases and settlement orders immediately upon learning of the Plaintiffs' newly-raised and still unpleaded Side Letter arrangement. Defendants advised the Court of the existence of those orders on a timely basis in response to Plaintiffs' having first raised the Side Letter 20 years into the litigation. The court did not request briefing on the impact of the release and settlement orders at that time, and the fact that Defendants have identified other bankruptcy court orders that support the bankruptcy court ordered releases may not be used to prejudice the Defendants' ability to raise their valid defenses based on the releases.

This Court should permit the amendments for the reasons set forth below. The proposed amendments are not futile. The settlement orders were issued in the context of the A.R. Baron bankruptcy case, which has now been closed by final order. Per the Bankruptcy Code and as confirmed by the Supreme Court, the releases and settlement orders issued by the bankruptcy court are now final.

**A. Procedural Background**

Defendants moved to amend their affirmative defenses due to the Plaintiffs having asserted standing based on the Side Letter for the first time 20 years into the litigation. Plaintiffs did not allege standing based on the Side Letter in their amended complaint filed five years after the Side Letter was executed. However, this Court in its 2021 decisions denying Defendants' motions for partial summary judgment gave Plaintiffs the benefit of the doubt and permitted the

Side Letter – which serves as the sole basis for the Plaintiffs' standing – to be asserted in furtherance of the Plaintiffs' case.

Defendants seek to amend their affirmative defenses to add the Trustee's release in order to preserve their opportunity to demonstrate at trial that the Side Letter is not enforceable and thus cannot grant the Plaintiffs any legal rights over the claims they assigned to the Trustee up to $3.78 million. We set forth below a summary of the procedural history leading to this request to amend Defendants' answer.

### 1. In 2021, this Court denied Defendants' motion for partial summary judgment as to the $3.78 million in claims.

In 2019 the Defendants moved for partial summary judgment seeking to exclude Plaintiffs' claims up to $3.78 million on the grounds that Plaintiffs had already been paid that amount by the A.R. Baron Trustee and are not entitled to a double recovery. Plaintiffs had previously assigned those same claims to the A.R. Baron Trustee as a condition to receiving $3.78 million from the A.R. Baron estate. Defendants argued that the Plaintiffs thus lacked standing to assert those claims in this litigation.[1]

In opposition to the motion, the Plaintiffs proffered the 2000 Side Letter for the first time and suggested that it permitted them to act on behalf of the Trustee to pursue claims.[2] That theory had not been set forth in Plaintiffs' amended complaint, and the Side Letter was neither on the bankruptcy court's docket nor approved by the bankruptcy court. Plaintiffs contended that the Side Letter constituted an "assignment amendment,"[3] amending the bankruptcy court-

---

[1]   ECF 238.

[2]   Under the Bankruptcy Code, the arrangement contemplated by the Side Letter could only be achieved by having Plaintiffs' counsel approved by the bankruptcy court as an agent for the Trustee. ECF 335 at 6-7; ECF 340 at 7-8.

[3]   ECF 243.

ordered assignment in the order appointing the Trustee to administer the restitution fund and providing the protocol for his administration of the fund (the "Restitution Fund Order").

This Court denied Defendants' motion for partial summary judgment, and subsequently denied a motion for reconsideration. The Court ruled that, in the light most favorable to the non-moving party (Plaintiffs), the Side Letter was an irrevocable re-assignment by the Trustee under New York law.[4] The Court stated that the consideration for the transfer was the Plaintiffs' obligation to "pay back" to the Trustee the net after-fees proceeds of the $3.78 million.[5]

### 2. Defendants moved to amend their answers to add the defense of the court-ordered settlement releases as to the $3.78 million in claims.

Based on this Court's 2021 rulings, Defendants moved to amend their answers to add an affirmative defense based on the 2003 settlement releases granted to the Defendants by the Trustee and approved by the bankruptcy court.[6] Contrary to the allegations in the amended complaint, it is now clear that Plaintiffs are pursuing the $3.78 million claims on behalf of the Trustee because, as this Court noted, the Side Letter requires Plaintiffs to repay the Trustee the net proceeds of any recovery up to $3.78 million, notwithstanding the fact that the Trustee was discharged in 2004.

Plaintiffs contend that, based on the Side Letter, the Trustee's court-ordered settlements did not release the $3.78 million, even though the bankruptcy court had not approved the arrangement proposed in the Side Letter. To the contrary, since the Plaintiffs were required to "pay back" to the Trustee any funds collected, that "right to payment" rendered the Trustee the beneficiary of the funds. Under the Bankruptcy Code, even if the Side Letter were enforceable –

---

[4]   ECF 251 at 4.

[5]   ECF 251 at 3, 5, 6,7; ECF 261.

[6]   ECF 286 and 286.1.

it is not - the Trustee would be the equitable owner of the funds. As a result, he necessarily had the power to, and did in fact, release Defendants from the $3.78 million in claims Plaintiffs are pursuing in this action.

Defendants concurrently moved in the bankruptcy court to reopen the A.R. Baron proceedings to enforce the bankruptcy court's orders, including its order approving the Trustee's 2003 releases and settlements with the Defendants. The bankruptcy court requested that the parties brief the issue of its jurisdiction to entertain the motion to reopen in light of the ongoing proceedings before this Court. We advised the bankruptcy court that both courts had concurrent jurisdiction to enforce the prior bankruptcy court orders and Defendants were seeking to have either of them exercise their jurisdiction.

### 3. In February 2022, this Court granted Defendants leave to file a motion to dismiss for lack of subject-matter jurisdiction as to the $3.78 million.

This Court agreed to permit briefing on a motion to dismiss for lack of standing. Defendants urged this Court to find that enforcing the bankruptcy court's orders would require dismissal for lack of subject-matter jurisdiction. Given this Court's having granted leave to file the motion to dismiss, Defendants requested that the bankruptcy court stay further proceedings pending disposition of this Court's own decision on Defendants' motion to dismiss. This Court has now denied the motions to dismiss but did not reach the issue of the effect of the bankruptcy court's orders on Plaintiffs' right to pursue the $3.78 million. Accordingly, Defendants have advised the bankruptcy court that the issue of enforcement remains before it and is now ripe for consideration.

### 4. The Magistrate Judge denied Defendants' motion to amend their pleadings.

On January 3, 2022, this Court filed an amended order of reference granting to the Magistrate Judge limited authority to determine certain pre-trial matters, which generally

include, *e.g.*, scheduling, non-dispositive pretrial motions and settlements. By its terms, the delegation expired after 60 days (ECF 310) on March 4, 2022. On March 15, the Magistrate Judge issued the Ruling – rather than a report and recommendation – denying Defendants' motion. The Ruling concluded that all motions to amend a pleading are non-dispositive and the proposed amendment would be futile based on the law of the case.

The Ruling referenced the pending motions to dismiss for lack of subject-matter jurisdiction and acknowledged that a disposition in favor of the Defendants would "obviously" render moot the motions to amend. Though the Magistrate Judge lacked jurisdiction to issue the ruling dated March 15, 2022, he elected to decide the motion, the impact of which is dispositive of Defendants proposed defense. On March 29, 2022, Defendants filed timely objections to the Ruling

**5.     On March 31, 2022, this Court denied the Defendants' motion to dismiss for lack of subject-matter jurisdiction, and subsequently invited the Defendants to resubmit their objections to the Ruling consistent with this Court's order.**

This Court in its March 31, 2022, decision did not address Defendants' request to enforce the bankruptcy court's prior orders. Nevertheless, in denying Defendants' motions to dismiss for lack of subject-matter jurisdiction, the Court reiterated that the Plaintiffs have the obligation to remit to the A.R. Baron Trustee any amounts received as a result of pursuing claims against third parties. As a result, any defense relating to the relationship of the parties in the bankruptcy case is relevant for consideration before this Court and is neither futile nor waived. Defendants have now renewed their request to the bankruptcy court, asking that it enforce its prior orders, which Defendants believe affirm that Plaintiffs have no legal right to pursue the Defendants for $3.78 million in claims.

In the March 31st opinion, the Court cited cases that demonstrate that if the Side Letter is invalid or unenforceable, the Trustee remained the legal and beneficial owner of the $3.78 million in claims with the right to release those claims.[7] This Court ruled that the issue regarding the enforceability of the Side Letter raised disputed facts that could not be resolved on a motion to dismiss. With that issue still to be resolved, it is appropriate for the Defendants to assert affirmative defenses based on the Trustee's court-ordered releases.

### B. Review of the Defendants' objections is *de novo*.

This Court delegated authority to the magistrate judge to adjudicate certain non-dispositive pre-trial matters. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Magistrate judge rulings on non-dispositive motions may be reconsidered by the Court where it is shown that the order is clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(b)(3) and Fed. R. Civ, P. 72(b) provides for *de novo* review in the case of a dispositive motion. The Magistrate Judge ruled that the proposed defense is futile, which is dispositive of the defense, but ruled the motion was non-dispositive. As such, the motion to amend should have been considered a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(A) and (B) (listing types of excepted motions requiring magistrate to issue proposed findings of fact and

---

[7]    *See* March 31st opinion at footnote 5: here, as in *US Fax L. Ctr., Inc. v. iHire, Inc.*, 476 F.3d 1112 (10th Cir. 2007), the underlying claims were unassignable as a matter of law, which is why the Trustee retained ownership. In *MAO-MSO Recovery II, LLC v., State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573 (7th Cir. 2019), the court dismissed the complaint because, as is the case here, the assignor (which in this case is the Trustee) had no rights to assign to plaintiffs as a matter of state law, whereas in this case the Trustee had no rights to assign the claims, pursuant to both court order and the Bankruptcy Code. And in *MSP Recovery, LLC v., Allstate Ins. Co.*, 276 F. Supp. 3d 1311 (S.D. Fla. 2017), the court dismissed the plaintiffs' claims because the underlying assignment was invalid as a matter of law, the same as in the case before this Court. Finally, as in *Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, No. 20-1312-CV, 2021 WL 4515256 (2d Cir. Oct. 4, 2021), the underlying assignments were barred under New York's champerty statute. In this case, the re-assignment in the Side Letter is barred by the Restitution Fund order and the Bankruptcy Code.

conclusions of law). [8] Therefore, the Ruling should be deemed proposed findings of fact and conclusions of law and this Court should review the objections *de novo*. *See Royal Park Invs. SA/NV, 2*85 F. Supp. 3d 648, 653 (S.D.N.Y. 2018) (deeming a magistrate judge's dispositive order to be a report and recommendation subject to *de novo* review).[9]

A number of district courts in this Circuit have held that the denial of a motion to amend based on futility should be treated as a dispositive motion because it is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions. *See HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 322 (S.D.N.Y. 1999) ("The Court discerns no reason why denial of a motion for leave to amend based on futility should be classified differently than would decision of a substantive motion to dispose of those same claims when already pleaded"); *see, e.g., Dolac v. Cty. Of Erie*, 2020 WL 2840071, at *1 n.2 (W.D.N.Y. June 1, 2020) ("to the extent that [Magistrate] Judge Schroeder's determinations regarding the amended complaint were based on futility, and Dolac objected to these determinations, this Court reviews them *do novo*"); *Pusey v. Delta Airlines, Inc.*, 2011 WL 1215081, at *1 (E.D.N.Y. Mar. 30, 2011) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting *de novo* review of any objection to it.");

---

[8]   *See, e.g., In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing "futility," the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)").

[9]   In reviewing this motion *de novo*, Defendants' misconduct in concealing the Side Letter from Defendants, this Court, and the bankruptcy court should be considered in determining whether the "interest of justice" is served by denial of the motion to amend.  Defendants should not be penalized by being denied the right to assert a substantive defense to counter Plaintiffs' unpleaded basis for their standing to bring the $3.78 million claim, of which Defendants only became aware several years after they filed their answer.  *See, e.g. Nomura Sec. Int'l. Inc. v. E*Trade Sec., Inc.*, 280 F. Supp. 2d 184, 199-200 (S.D.N.Y. 2003) (granting motion to amend to add defense granted where party explained that "only in light of new evidence obtained through discovery did it became aware of the true nature of the case.")

*see also Nomura Sec. Int'l. Inc. v. E\*Trade Sec., Inc.*, 280 F. Supp. 2d at 199-200 (applying *de novo* review to denial of motion to amend under 12(b)(6) standard).[10]

## II.  Argument

### A.  The Ruling failed to draw all reasonable inferences in Defendants' favor.

On a motion to amend an answer, the court must draw all reasonable inferences in *Defendants'* favor. "In addressing the proposed futility of an amendment, the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2005).  Thus, "the court must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party." *Id.*  The Magistrate Judge acknowledged his obligation to draw all reasonable inferences in Defendants' favor (ECF 338 at 6) but failed to do so.

Here, the Magistrate Judge relied on a prior decision in the context of a summary judgment motion that required the court to consider the issues in the light most favorable to the *Plaintiffs*.[11]  By treating as conclusive this Court's interpretation of the Side Letter on summary judgment, the opinion not only fails to draw all reasonable inferences in Defendants' favor, the decision relies on an interpretation of the Side Letter which drew all

---

[10]  A "motion to strike an affirmative defense is clearly dispositive of a defense of a party." *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 285 F. Supp. 3d at 653.  Although there are cases holding a denial of a motion to amend to add a defense is not a dispositive motion - even though a motion to strike a defense clearly is a dispositive motion - the distinction is that in the latter case, the motion is addressed to a defense that has been pleaded.  That distinction, if ever appropriate, should be ignored here, where the only reason the defense based on the Trustee's release was not pleaded in the original answer is because Plaintiffs concealed the Side Letter arrangement that placed the Trustee's release at issue in this case until many years after Defendants' answers were filed.

[11]  ECF 251 at 4; *see, e.g. Casey v. Citibank, N.A.*, 915 F. Supp. 2d 255, 267 (N.D.N.Y. 2013) ("Making all reasonable inferences in plaintiffs' favor at this early stage of the litigation, their interpretation of the contract language is plausible").

reasonable inferences in Plaintiffs' favor. *See* ECF 251 at 4. The Magistrate Judge erred in concluding that the affirmative defense was futile based on the Court's interpretation of the Side Letter in its orders denying summary judgment and reconsideration.

**B. The Magistrate Judge improperly relied on this Court's interim ruling denying summary judgment to permanently exclude Defendants' affirmative defense based on the Trustee's court approved releases.**

The Magistrate Judge erred in ruling the affirmative defense was futile based on an interlocutory order. This Court's 2021 rulings denying Defendants' motion for partial summary judgment are not final rulings on the merits. The Ruling states "[the] previous law of the case has rendered the proposed affirmative defense of 'release' untenable." ECF 338 at 7. Here, as discussed above, the record on the motion to amend contains documentary evidence that raises issues as to the validity and enforceability of the Side Letter. The enforceability of the Side Letter was not raised or decided in the Court's 2021 rulings, which interpreted the content of that letter but did not address whether it was enforceable because it was not approved by the bankruptcy court. *See* ECF 251, 261.

The law of the case has no application to that question. This Court's March 31st decision denying Defendants' motion to dismiss for lack of subject-matter jurisdiction states the issue of the validity and enforceability of the Side Letter raises disputed factual issues to be resolved later in the case or at trial. All of this demonstrates the Ruling's reliance on this Court's interlocutory order denying summary judgment to permanently exclude the proposed defense is error.

**C. The amendment is necessary to prove that the Trustee, as the equitable and beneficial owner of the third-party claims up to $3.78 million, had the right to release those claims.**

The Magistrate Judge erred in ignoring this Court's recognition that the Plaintiffs would be required to pay up to $3.78 million to the Trustee. Under bankruptcy law, the Trustee

remained the equitable and beneficial owner of the third-party claims against the Defendants through the time he released and settled those claims. The Magistrate Judge had these facts before him and should have recognized them as presenting colorable grounds for amending the answer to add the defense of release.

A trustee's stewardship over and control of a bankruptcy estate's assets is a basic premise of bankruptcy court proceedings, and an essential factor that the Magistrate Judge ignored. The definition of claim in the Bankruptcy Code here is determinative. Section 101(5) of the Bankruptcy Code defines the term "claim" as including any contingent legal or equitable right to payment.[12] The courts have recognized that the Bankruptcy Code definition is intended to have the broadest possible sweep. *See, e.g., In re Chateaugay Corp.*, 994 F.2d 997, 1003 (2d Cir. 1991). This is precisely the kind of property interest that this Court recognized under the Side Letter arrangement that the Trustee would have reserved had the arrangement been approved by the bankruptcy court – the equitable right to be paid back up to $3.78 million by the Plaintiffs.

The purpose of the bankruptcy statute is to recognize the debtor's ability to resolve all possible claims, and for the Trustee ultimately to be accountable to the court and the creditors for all property of the estate. *See* Bankruptcy Code Section 704. As the beneficial owner of the

---

[12]  11 U.S.C. § 101(5) defines a "claim" to mean:

(A)  right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B)  right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

claims, the Trustee necessarily had the power to determine whether to compromise them, subject to bankruptcy court approval. *See* Bankruptcy Code Section 363(b) and Bankruptcy Rule 9019.

The order of the bankruptcy court approving the release of the Defendants from all third-party claims is very specific. In the bankruptcy court context in which the Trustee granted his releases, the statutory definition of "claim" controls. The Trustee release must be read as releasing not only his legal entitlements to payment, but also any of his *equitable* rights to payment. Under this Court's ruling, the contingent right to payment – depending on the outcome of this litigation – is precisely what the Trustee was releasing. Such a construction is entirely consistent with this Court's 2021 decision regarding the import of the Side Letter. The Magistrate Judge's ruling overlooked the Trustee's continued ownership interest in the $3.78 million claim and the impact of that ownership interest on his ability to release the claim.

**D.  If the Plaintiffs' $3.78 million claims are not dismissed prior to trial based on enforcement of the bankruptcy court's prior orders, the Defendants will offer evidence at trial to prove that the arrangement in the Side Letter is unenforceable.**

The Magistrate Judge erred in failing to consider that Defendants are entitled to dispute at trial any theory the Plaintiffs might assert relating to the arrangement set forth in the Side Letter. In support of their right to amend their answer, the Defendants have submitted some of the evidence to demonstrate that – even had the 2000 Side Letter been approved by the bankruptcy court as required - the 2003 release and 2004 final bankruptcy court orders independently terminated any right the Plaintiffs may have had to enforce the Side Letter or the arrangement described therein. The bankruptcy orders provide the context in which enforcement of the Side Letter will be evaluated. The Defendants therefore properly provided to this Court information from which the Court could consider whether the proposed affirmative defense of release has a factual foundation. This proffered evidence goes well beyond the fair notice required for the

Defendants to add the affirmative defense of release. *See* Fed. R. Civ. P. 8(c). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957).[13]

The Magistrate Judge erred by failing to consider the additional factual foundation in determining whether the proposed amendment presented at least a colorable defense. Given that this Court has stated that the question of enforceability of the Side Letter will be decided with the merits of the case, questions relating to the merits of the defenses are premature. Far from being futile, the consideration of the additional proffered evidence supports the grounds for the proposed defenses, and the Magistrate Judge accordingly erred in considering the Side Letter as if it were an admitted fact rather than a contested assertion contrary to prior bankruptcy court orders.

---

[13] Even if the plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applied to these amended pleadings, the Defendants would more than meet that standard by the evidence proffered.

## III. CONCLUSION

For the foregoing reasons, this Court should on *de novo* determination grant the

Defendants' motion to amend their answers to add the affirmative defense of release with respect

up to $3.78 million claims.


New York, New York
April 29, 2022

Respectfully submitted,

**R|K INVEST LAW, PBC**

/s/ Richard A. Kirby
Richard A. Kirby, Esq. (*pro hac vice*)
Beth-ann Roth, Esq. (*pro hac vice*)
1725 I Street NW - Suite 300
Washington, DC 20006
(202) 236-2854
kirby@investlaw.net
roth@investlaw.net

**MINTZ & GOLD LLP**

/s/ Ira Lee Sorkin
Ira Lee Sorkin, Esq.
600 Third Ave., 25th Floor
New York, New York 10016
(212) 696-4848
sorkin@mintzandgold.com

Attorneys for the Wolfson Defendants

**GREENBERG TRAURIG**

/s/ Robert A. Horowitz
Robert A. Horowitz
Anne C. Reddy
1 Vanderbilt Avenue
New York, New York 10017
(212) 801-9200
horowitzr@gtlaw.com
reddya@gtlaw.com

Attorneys for the Dweck Defendants

14