USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

MOHAMED FEZZANI, et al.,

                      Plaintiffs,

- against -

BEAR, STEARNS & COMPANY, INC., et al.

                      Defendants.

------------------------------------------------------------ x

99-Civ-0793 (PAC)(JLC)

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, Plaintiffs Mohamed Fezzani, Cirenaca Foundation, Dr. Victoria Blank, Lester Blank, James and Jane Bailey, Baydel Ltd., Margaret and Patrick Burgess, Bootlesville Trust, and Adam Cung (together, "Plaintiffs") and defendants Isaac R. Dweck, individually and as custodian for Nathan Dweck, Barbara Dweck, Morris I. Dweck, Ralph I. Dweck, and Jack Dweck (collectively, the "Dweck Defendants"), and defendants Morris Wolfson, Aaron Wolfson, and Abraham Wolfson (collectively, the "Wolfson Defendants")[1] (Plaintiffs, the Dweck Defendants and the Wolfson Defendants together are the "Parties"), recognize that disclosure and discovery activity may involve production of information that the disclosing party deems to be confidential, as defined below;

WHEREAS, the Parties wish to facilitate discovery while protecting confidential information, as defined below, in accordance with applicable law;

---

[1] In the Amended Complaint [ECF 98], the Wolfson Defendants also included (1) Arielle Wolfson, (2) Tovie Wolfson, (3) Anderer Associates, (4) Boston Partners, (5) Wolfson Equities, (6) Chana Sasha Foundation, and (7) United Congregation Mesarah. Each of these defendants has been dismissed from this action. *Fezzani v. Bear, Stearns & Co. Inc.*, 592 F. Supp. 2d 410, 432 (S.D.N.Y. 2008) (dismissing all causes of action against Wolfson Defendants), *aff'd in part, vacated in part*, 716 F.3d 18 (2d Cir. 2013), and *aff'd in part, vacated in part*, 527 F. App'x 89, 93 (2d Cir. 2013) (allowing state law claims of civil conspiracy to defraud and aiding and abetting fraud to proceed against only "Morris, Aaron, and Abraham Wolfson"). Counsel also has since learned that Abraham Wolfson died earlier this year.

WHEREAS, the Parties wish to facilitate discovery while preventing the waiver of applicable privileges or protections, including privacy rights, due to inadvertent disclosure of privileged information;

WHEREAS, the Parties acknowledge that this Stipulated Order for the Production and Exchange of Confidential Information (the "Stipulated Confidentiality Order") does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles;

WHEREAS, the Court retains discretion whether to afford or deny confidential treatment to any confidential document or information contained in any document designated confidential; and

WHEREAS, the Parties, having conferred through their respective counsel, stipulated and agreed to the following terms of a protective order and hereby stipulate to and petition the court to enter the following Stipulated Confidentiality Order;

ACCORDINGLY, IT IS HEREBY AGREED by the undersigned and ORDERED by the court that pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the entry of this Stipulated Confidentiality Order (the "Order").

**I.     DEFINITIONS**

1.     "Challenging Party," as used in this Order, means a Party that challenges the designation of information or items under this Order.

2.     The term "CONFIDENTIAL," as used in this Order shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, which the disclosing Party and its counsel believes in good faith contains, constitutes or reveals information that as of the date of production deserves protection because it contains

2

confidential design, engineering, business or development information, confidential research information, confidential commercial information, non-public financial information, trade secrets, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), confidential customer information, information implicating an individual's legitimate expectation of privacy, or other information of a confidential, proprietary, private or personal nature, the disclosure of which would, in the good faith judgment of the party and his/her counsel or, as appropriate, Non-Party and his/her counsel designating the material as confidential, be detrimental to the conduct of that Party's or Non-Party's business or the business of any of that Party's or Non-Party's customers or clients, and that, to the best of the party's and his/her counsel's knowledge, such information has been protected from public disclosure by the Disclosing Party or the Non-Party.

3. "Counsel," as used in this Order, means attorneys (and their support staffs) who are not employees of a party to this action, but are retained to represent or advise a Party to this action or have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

4. "Designating Party," as used in this Order, means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

5. "Disclosure or Discovery Material," as used in this Order, means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

6. "Final Disposition," as used in this Order, means the later of (a) dismissal of all claims and defenses in this action, with prejudice; or (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

8. "Litigation" means the case captioned *Mohamed Fezzani, et al. v. Bear Stearns & Co. Inc., et al.*, Civil Action No. 99-cv-0793 (PAC) (JLC) (S.D.N.Y.).

9. "Non-Party," as used in this Order, means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

10. "Party or Parties," as used in this Order, means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and their Counsel (and their support staffs).

11. "Producing Party," as used in this Order, shall mean the Parties to this action and any Non-Parties producing Disclosure or Discovery Material, including in connection with depositions, document production, subpoenas or otherwise.

12. "Protected Material," as used in this Order, means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL". Extracts and summaries of Protected Material shall also be treated as confidential in accordance with the provisions of this Confidentiality Order.

13. "Receiving Party," as used in this Order, shall mean the Parties to this action and/or any Non-Party receiving Disclosure or Discovery Material, including in connection with depositions, document production, subpoenas or otherwise.

**II.  SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

**4**

communications, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial, regulatory or other investigation, or otherwise; and (b) any information known to the Receiving Party prior to the disclosure and not obtained on a confidential basis or pursuant to a confidentiality order, or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party, including but not limited to created by this Order or any other confidentiality order.  Any use of Discovery Material and Protected Material at trial shall be governed by a separate agreement or order.

**III.     DESIGNATING PROTECTED MATERIAL**

1.      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

a)      <u>For information in documentary or electronic form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material or for documents produced in native form include the term "CONFIDENTIAL".

b)      <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, the Designating Party may indicate on the record before the close of the deposition, hearing, or other proceeding, whether it intends to designate some portion of the testimony as protected, and

identify those portions to the extent possible at that time, or if the Designating Party orders a transcript from the Court Reporter, the Designating Party may indicate in writing its intent to designate testimony as protected within fourteen (14) days after receipt of the official transcript of the deposition or other testimony. Where not indicated on the record of the proceeding, the Designating Party must send the other Party or Parties a letter designating the portions of the transcript (including page and line numbers as appropriate) and any exhibits thereto to be marked "CONFIDENTIAL" as constituting Protected Material, and a description of the basis for the designation ("Designation Letter"), within fourteen (14) days after receipt of the official transcript of the deposition or other testimony. During the 14-day time period prior to the Designation Letter, the entire deposition transcript, including any exhibits, shall be deemed CONFIDENTIAL. If no designation is made within 14 days after receipt of the transcript, or such other period if the time to designate is modified either by agreement of the Parties or by court order, the transcript shall be considered not to contain any Protected Material.

Additionally, if all or part of a videotaped deposition is designated as "CONFIDENTIAL", the DVD, CD, or thumb drive, plus any container, shall be so labeled. The Designating Party shall inform the court reporter of these requirements.

        c)      <u>For information produced in some form other than documentary or electronic and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". This provision does not apply to CDs, DVDs, thumb drives, hard drives or other storage media which contain only documents produced according to III.1(a).

    2.    <u>Designation of Non-Party Material</u>. A Party may designate as Protected Material subject to this Stipulation any document, information, or deposition testimony produced or given

by any Non-Party to this case, or any portion thereof. In the case of Documents produced by a Non-Party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fourteen (14) days of actual receipt of copies of documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing those portions which are to be stamped or otherwise treated as such at any time up to fourteen (14) days after the transcript is received by counsel for the Party asserting the confidentiality privilege. Prior to the expiration of such fourteen (14) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all Documents and testimony produced by a Non-Party shall be treated as CONFIDENTIAL information. Following such designations, the Designating Party shall have the obligation to re-produce all material it designates as CONFIDENTIAL with the appropriate markings indicating the designation, and to inform each Party in receipt of the Protected Material of its obligation to replace such materials with the re-produced materials marked CONFIDENTIAL.

3. <u>Inadvertent Failures to Designate</u>. Any document or information that may contain CONFIDENTIAL information that has been inadvertently produced without identification as to its "protected" nature as provided in paragraph I.2 of this stipulation, may be so designated by the Party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as CONFIDENTIAL within a reasonable time following the discovery that the document or information has been produced without such designation. Following such designations the Designating Party shall have the obligation to re-produce all material it designates as CONFIDENTIAL with the appropriate markings indicating

the designation, and to inform each Party in receipt of the Protected Material of its obligation to replace such materials with the re-produced materials marked CONFIDENTIAL.

    4.    An inadvertent failure to designate qualified information or items as CONFIDENTIAL does not waive the Designating Party's right to designate such material under this Order. Upon correction of a confidentiality designation by the Designating Party, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**IV.**    **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

    1.    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time prior to the termination of this action. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by not mounting a challenge promptly after the original designation is disclosed.

    2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within five (5) business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first

8

or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      3.      <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to remove the confidentiality within thirty (30) days of either the meet and confer meeting or if the Challenging Party can establish that the Designating Party was unwilling to participate in the meet and confer process in a timely manner.  Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  During the challenge process, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**V.**      **<u>ACCESS TO AND USE OF DISCOVERY MATERIAL</u>**

      1.      <u>Basic Principles</u>.  Unless otherwise agreed to by the Parties in writing, Discovery Material that is disclosed or produced by another Party or Non-Party in connection with this Litigation may only be used by a Receiving Party for prosecuting, defending, or attempting to settle this Litigation or related litigation between the Parties. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section XI below.

      2.      Any person receiving Protected Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited only to the persons authorized under this Order and

9

promptly notify Counsel for the Producing Party of any accidental or unauthorized access to any Protected Material in accordance with Section IX.

3. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a) Parties or the officers, directors, advisers and employees of a Party to whom disclosure is reasonably necessary for this Litigation;

b) each Party's counsel who are directly involved in the management, prosecution, defense, settlement and/or appeal in this action, as well as employees of these counsel and outside vendors or service providers (including copy-service providers and document-management consultants) that counsel hire and assign to these matters;

c) experts of a Party (1) to whom disclosure is reasonably necessary for the purposes of prosecuting, defending, or attempting to settle this Litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d) the court and its personnel, including any appellate court, and court reporters and their staff,

e) professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

g) stenographers engaged to transcribe depositions the Parties conduct in this action; and

h) Non-Party witnesses in this action and their attorneys to whom disclosure is reasonably necessary for the purposes of prosecuting, defending, or attempting to settle this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

## VI. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1. If a Party is served with a subpoena, court order, or other request that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

a) Promptly and in no event more than ten (10) days after receiving the subpoena, order, or request, notify in writing the Designating Party. Such notification shall include a copy of the subpoena, court order, or request; and

b) Promptly notify in writing the Party or Non-Party who caused the subpoena, order, or request to issue that some or all of the material covered by the subpoena, order, or request is subject to this Order. Such notification shall include a copy of this Order;

2. If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or other request shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by a court with appropriate jurisdiction of the subpoena, order, or request issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as

11

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or regulatory authority.

VII. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

In the event that a Party seeks discovery from a Non-Party in this action, the Non-Party may invoke the terms of this Order with respect to any "CONFIDENTIAL" material provided to the Parties by so advising all Parties to this action in writing.

VIII. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) use its best efforts to retrieve all unauthorized copies of the Protected Material, (2) provide the person or persons to whom unauthorized disclosures were made with a copy of this Order, and (3) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Compliance with the foregoing shall not prevent a Party or Non-Party from seeking further relief from the court.

IX. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

1. The Parties acknowledge that a large volume of information, documents and other files will be produced and/or exchanged during discovery in this Action.  Although the Parties have exercised, and will continue to exercise, care to withhold all privileged information, documents containing privileged materials may be inadvertently produced nonetheless.  If, in connection with this litigation, a Party inadvertently discloses a document or other information that is subject to and protected from disclosure under a claim of attorney-client privilege, attorney work product protection or any other identifiable and applicable privilege or other legal protection ("Inadvertently Disclosed Information"), the Parties agree that, pursuant to Fed. R. Evid. 502(d),

such disclosure shall not by itself constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other privilege with respect to the Inadvertently Disclosed Information or its subject matter.

2.	In the event that the Producing Party discovers that Inadvertently Disclosed Information has been included in a production, the Producing Party shall promptly provide (a) a written notice to the Receiving Party(ies) of the Inadvertently Disclosed Information that shall specify the nature of and basis for its claim of privilege or protection from disclosure, and (b) if the material is contained in only a portion of a previously produced document, a copy of the document with the privileged or protected material redacted.

3.	Upon written notice to the Receiving Party(ies) of the Inadvertently Disclosed Information, the Receiving Party shall promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.  If there is a dispute regarding the document(s), that dispute may be presented to the Court by a letter application, in accordance with the Court's rules.  The Parties may retain one copy of the Inadvertently Produced Material solely for use as an exhibit to such motion to the court.  The Parties agree that use of such produced material as an exhibit shall be limited to in camera review.

4.	In the event that the Receiving Party discovers that it has received a document that it knows or has reasonable cause to believe is Inadvertently Disclosed Information, notice shall be promptly provided to the Producing Party, and the Receiving Party shall return or destroy any

Inadvertently Disclosed Information without further review of such materials within ten (10) days of the Producing Party confirming that such document(s) were Inadvertently Disclosed Information.  If there is a dispute regarding the document(s), that dispute may be presented to the Court by a letter application, in accordance with the Court's rules. The Parties may retain one copy of the inadvertently produced material solely for use as an exhibit to such motion to the court.  The Parties agree not to use any such produced material in an exhibit to such motion to the court unless the exhibit is limited to in camera review.

     5.     Notwithstanding the foregoing, the Receiving Party may, after conferring with opposing counsel in a good faith effort to resolve any dispute regarding the Designating Party's assertion of privilege or protection, contest the Designating Party's claim of privilege. And in such event that dispute may be presented to the Court by a letter application, in accordance with the Court's rules.   Nothing herein shall prevent the Receiving Party from challenging the privileged status of any produced documents in the event the Parties cannot resolve a claim of privilege or protection without court intervention.

**X.     MISCELLANEOUS**

     1.     <u>Right to Assert Other Objections and Reservation of Rights</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.  By stipulating to the entry of this Order, Defendants do not waive and expressly reserve all rights to object to the court's jurisdiction over them in this Litigation.

     2.     <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any

Protected Material must comply with all applicable Federal and Local Rules and Procedures. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Challenging Party's motion to remove the confidentiality designation is granted by the court, then the Receiving Party may file the Protected Material in the public record after seven (business days) unless otherwise instructed by the court. Notwithstanding the foregoing, if the Designating Party wishes to appeal the order removing the confidentiality designation, it shall notify the other Part(ies) in writing within seven (7) days. A Party may not file any Protected Material in the public record until resolution on appeal.

## XI. FINAL DISPOSITION

Within 120 days after the Final Disposition of this action, all Parties, Counsel and any other persons who have received Protected Material in this action shall return such information to counsel for the Party that disclosed or produced such information, or alternatively may destroy the Protected Material and certify its destruction. The Parties' attorneys may retain their attorney work product, and outside counsel for each Party may retain a complete and unredacted set of pleadings and papers filed with the court or served on the other Parties. This Stipulated Confidentiality Order shall continue to be binding after the conclusion of this Litigation as set forth in Section XII.

## XII. DURATION

Even after Final Disposition of this Litigation, see Section XI, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

DATED: June 8, 2022

GREENBERG TRAURIG, LLP

_____
Robert A. Horowitz
One Vanderbilt Avenue
New York, New York 10017
(212) 801-9200
horowitzr@gtlaw.com

*Attorneys for Defendants Isaac R. Dweck, individually and as custodian for Nathan Dweck, Barbara Dweck, Morris I. Dweck, Ralph I. Dweck, and Jack Dweck*


FOLKENFLIK & MCGERITY LLP

_____
Max Folkenflik
1500 Broadway, 21st Floor
New York, New York 10036
(212) 757-0400
max@fmlaw.net

*Attorneys for Plaintiffs Mohamed Fezzani, Cirenaca Foundation, Dr. Victoria Blank, Lester Blank, James and Jane Bailey, Baydel Ltd., Margaret and Patrick Burgess, Bootlesville Trust, and Adam Cung*

MINTZ & GOLD LLP

_____
Ira Lee Sorkin
600 Third Ave., 25th Floor
New York, New York 10016
(212) 696-4848
sorkin@mintzandgold.com

R|K INVEST LAW, PBC

_____
Richard A. Kirby (*pro hac vice*)
Beth-ann Roth (*pro hac vice*)
1725 I Street NW – Suite 300
Washington, DC 20006
(202) 236-2854
kirby@investlaw.net
roth@investlaw.net

*Attorneys for Defendants Morris Wolfson, Aaron Wolfson, and Abraham Wolfson*


## SO ORDERED.

Dated: June 8, 2022
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

16

## **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Mohamed Fezzani, et al. v. Bear Stearns & Co. Inc., et al.*, Civil Action No. 99-cv-0793 (PAC) (RLE) (S.D.N.Y.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Stipulation and Order of the Court. I have read the Stipulation and Order dated _____. I understand the responsibilities and obligations that this Stipulation and Order imposes on persons viewing or being privy to "CONFIDENTIAL" information as defined in the Stipulation and Order.

I hereby agree to be bound by all of the provisions of the Stipulation and Order. For purposes of enforcement, and in the case of my violation of the terms of the Stipulation and Order, I hereby expressly consent to the jurisdiction of the United District Court for the Southern District of New York.

Executed on the _____ day of _____, 20___.

_____